**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAFIYQ DAVIS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-7410** |
| | : | |
| **JUDGE FRANK PALUMBO, *et al.*** | : | |
| **Defendants.** | : | |

# MEMORANDUM

**SCOTT, J.** **OCTOBER 19, 2026**

*Pro se* Plaintiff Rafiyq Davis brings this civil action alleging constitutional violations in connection with his 2009 criminal conviction and 2015 revocation of probation. Davis seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Davis leave to proceed *in forma pauperis* and dismiss his Complaint.

## I. FACTUAL ALLEGATIONS[1]

Davis's allegations are brief. He alleges that on January 22, 2009, Judge Ellen Ceisler sentenced him "to serve three consecutive sentences for one act." (Compl. at 3.) He also states that, on June 23, 2015, Judge Frank Palumbo "revoked and resentenced" him to "serve 6 months to 24 months state custody/imprisonment followed by a consecutive 3 (three) years' probation for a technical probation violation with no new case/charges." (*Id.*) Davis asserts that his subsequent appeal to the Pennsylvania Superior Court was "denied," and that his "timely PCRA .

---

[1] The facts recited in this Memorandum are taken from the Complaint (ECF No. 20) and Davis's public criminal docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *In re Congoleum Corp.*, 426 F.3d 675, 679 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant."); *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

The Court adopts the pagination supplied by the CM/ECF docketing system.

. . was also denied" for allegedly being "time barred."[2] (*Id.*) He claims that his sentences were "illegal" and that he was subjected to double jeopardy. (*Id.* at 3-4.) Based on these allegations, he asserts claims under the Fifth and Fourteenth Amendments and names as Defendants Judge Frank Palumbo, Judge Ellen Ceisler, and the City of Philadelphia. (*Id.* at 1-2.)

This is not the first time that Davis has asserted claims against Judges Ceisler, Palumbo, and the City of Philadelphia based on his 2009 conviction and 2015 revocation of probation. In a June 2, 2024 Memorandum and Order, Judge Mitchell Goldberg of this Court concluded that Davis's claims against Judge Ceisler and Judge Palumbo concerning the illegality of his conviction, probation violation, and the terms of incarceration for them were barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), because, if successful, would "invalidate a conviction or sentence and necessarily imply their invalidity." *Davis v. City of Philadelphia*, No. 23-4841, 2024 WL 2817556, at *4 (E.D. Pa. June 3, 2024), *aff'd*, No. 24-2028, 2024 WL 4164270 (3d Cir. Sept. 12, 2024). The United States Court of Appeals for the Third Circuit affirmed the dismissal.

---

[2] The public docket for Davis's underlying criminal case reflects that on March 20, 2009, Davis was sentenced to three to six years of incarceration, followed by four years of probation. *See Commonwealth v. Davis*, No. CP-51-CR-0009574-2008 (C.P. Phila.); *see also Commonwealth v. Davis*, 2016 WL 5266562, at *1 (Pa. Super. Ct. July 20, 2016) (describing procedural history of case). Judge Frank Palumbo presided over two probation revocation hearings for Davis, one in April of 2015, and one in June of 2015. *Id.* Judge Palumbo sentenced Davis to an additional six to twenty-four months of incarceration, followed by four years of probation. *Davis*, 2016 WL 5266562, at *1. The public record reflects that Davis's probation was revoked in part because Davis had "given positive urinalysis for marijuana" on four tests. *Davis*, 2016 WL 5266562, at *1.

Davis unsuccessfully petitioned for post-conviction relief on more than one occasion. *Davis*, No. CP-51-CR-0009574-2008. His federal habeas petition, in which he claimed that he was "entitled to 142 days of credit from a prior sentence toward his parole revocation sentence," was denied without prejudice due to his failure to exhaust state remedies. *Davis v. Pennsylvania Dep't of Corr.*, No. 17-0846, 2017 WL 6887003, at *2 (E.D. Pa. Dec. 13, 2017), *report and recommendation adopted*, No. 17-0846, 2018 WL 355149 (E.D. Pa. Jan. 9, 2018). Davis's most recent post-conviction petition was denied on July 27, 2023, and his appeal of the denial was affirmed on August 12, 2024. *See Commonwealth v. Davis*, 326 A.3d 429 (table), 20024 WL 3757175 (Pa. Super. Ct. Aug. 12, 2024).

*See Davis v. City of Philadelphia*, No. 24-2028, 2024 WL 4164270, at *2 (3d Cir. Sept. 12, 2024) (*per curiam*).

## II. STANDARD OF REVIEW

The Court grants Davis leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. Pursuant to § 1915(e)(2)(B)(ii), the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in a *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). As Davis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Davis asserts due process and double jeopardy claims against Defendants Judge Palumbo, Judge Ceisler, and the City of Philadelphia, based on an alleged illegal sentence and probation revocation. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Similar to the conclusion reached by Judge Goldberg regarding nearly identical claims asserted by Davis against these same Defendants, Davis's § 1983 claims are not cognizable in a civil rights action at this time.

When a plaintiff seeks damages in a civil rights lawsuit in connection with a prior criminal conviction or sentence, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Commonly referred to as the "*Heck* bar," *see Wallace v. Kato*, 549 U.S. 384, 385 (2007), this rule prevents plaintiffs from bringing claims, the success of which would render a sentence or conviction invalid, unless the plaintiff can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). The doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation revocations. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (affirming district court's dismissal of the case because a finding for plaintiff on his § 1983 claims against the parole officer would necessarily demonstrate the invalidity of the revocation decision, which had not been rendered invalid).

Davis's allegations, although minimal, again challenge his prior conviction, probation revocation, and the allegedly illegal sentences associated with them. These are precisely the types of claims that, if successful, would invalidate a conviction or sentence and necessarily imply their invalidity. *See Williams v. Barkley*, 616 F. App'x 484, 485 (3d Cir. 2015) (*per curiam*) (affirming dismissal of § 1983 claims based on argument that extension of original sentence after parole violation violated double jeopardy rights and stating that claims were barred under *Heck*); *Garrett v. United States*, 771 F. App'x 139, 140-41 (3d Cir. 2019) (*per curiam*) (affirming dismissal of § 1983 claim that "an excessive sentence was imposed based on an erroneous application of the sentencing guidelines" as barred by *Heck*); *McKinney v. Pa Bd. of Prob. & Parole*, 405 F. App'x. 646, 647 (3d Cir. 2010) (holding that the plaintiff's claims that he had been imprisoned beyond the maximum terms of his sentences for state convictions and parole violations and that the defendants violated his rights by failing to conduct a parole revocation or parole hearing and continued to detain him were barred by *Heck* "because success on his claims would necessarily imply the invalidity of the fact and the duration of his state confinement, which have not been elsewhere invalidated"); *Jackson v. Alt*, 236 F. App'x 850, 851 (3d Cir. 2007) (*per curiam*) (affirming dismissal of *Heck*-barred § 1983 claims based on alleged due process and equal protection violations arising from issuance of a parole violator warrant).

Like when he filed his earlier case, Davis's convictions and sentences have not been reversed on appeal, vacated, or otherwise invalidated. *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983[.]"). Indeed, his most recent post-conviction petition was denied on July 27, 2023, and his appeal of the denial was affirmed on August 12, 2024. *See*

*Commonwealth v. Davis*, 326 A.3d 429 (table), 20024 WL 3757175 (Pa. Super. Ct. Aug. 12, 2024). Accordingly, Davis's claims challenging his conviction, probation revocation, and related imprisonments are not cognizable at this time.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Davis leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to him filing a new civil rights complaint only in the event his convictions or sentences are reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). An appropriate Order follows, dismissing this case.

**BY THE COURT:**

**KAI N. SCOTT, J.**

[3] Even if they were not *Heck*-barred, the claims against the judicial defendants would nevertheless be barred by absolute judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *see also Feingold v. Hill*, 521 A.2d 33, 36 (Pa. Super. Ct. 1987) ("[T]he law in Pennsylvania is well established that judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over the subject matter and person."). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). It is apparent from the face of Davis's Complaint that Judge Palumbo and Judge Ceisler were acting in their judicial capacities as the presiding judges in Davis's underlying criminal proceedings, including the probation revocation hearings. Finally, while he named the City of Philadelphia as a defendant, Davis states no basis for a municipal liability claim, particularly when considering that the Court of Common Pleas is a separate entity from the City of Philadelphia. *Andresen v. Pennsylvania*, No. 20-989, 2020 WL 9048845, at *7 (M.D. Pa. Dec. 16, 2020), *report and recommendation adopted*, No. 20-989, 2021 WL 1174497 (M.D. Pa. Mar. 29, 2021) ("Simply put, one cannot sue a [municipality] in federal court for civil rights violations arising out of the conduct of litigation in the county court of common pleas, since the courts are a state agency, and not part of county government.").